OPINION
{¶ 1} This is an appeal from the January 26, 2004, judgment of the Knox County Court of Common Pleas, Probate Division, finding that Ohio Administrative Code Rule 3770:1-8-01 prohibited the assignment of part of Alan Stone's remaining yearly lottery proceeds to Appellant Statewide Funding Group, LLC.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Statewide Funding Group, LLC is a limited liability company engaged in the business of factoring of proceeds from lottery prizes.
 {¶ 3} In the instant case, Alan Stone, a 13 million dollar Super Lottery prize winner, wanted to sell and assign part of his remaining lottery prize award payments to Appellant.
 {¶ 4} In the past, Ohio lottery prizes were nontransferable but under recently enacted law, lottery prize awards may now be sold.
 {¶ 5} Mr. Stone won his lottery prize on October 4, 1989, and elected to take his prize in twenty annual installments. To date he has received fifteen payments in the gross amount of $650,000.00 each. The five remaining payments are the subject of this Application which was made pursuant to R.C. Section 3770 in the Probate Court of Knox County.
 {¶ 6} The Ohio Lottery Commission entered an appearance under R.C. 3770.13(B)(3) and objected to the terms and conditions of the application. Specifically, the Lottery Commission objected to the imposition of a constructive trust in paragraph H of the Lottery Prize Assignment Agreement stating that pursuant to R.C. § 3770.12(I) and Ohio Administrative Code Rule 3770:1-8-01, any assignment which required a part of a yearly prize to be paid to a transferee, as opposed to his entire interest, was not permissible.
 {¶ 7} The application came on for hearing before the Probate Court with supplemental briefs submitted on the issue of whether the application for partial transfer from each of Mr. Stone's remaining prize payments was allowable.
 {¶ 8} On January 26, 2004, the trial court found that the administrative rule prohibited such assignments.
 {¶ 9} Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 10} "I. Trial court erred in denying the application of statewide funding for assignment of a portion of Alan Stone's lottery winnings and in finding that the ohio lottery commission's administrative rule is not in derogation of the statute permitting transfer of lottery proceeds."
 I. {¶ 11} Appellant argues that the trial court erred in finding that the assignment is in derogation of the administrative rule. We disagree.
 {¶ 12} Revised Code § 3770.12 controls approval of transfers of lottery prize awards. The version in effect at the time of the filing of Appellant's application provided in pertinent part:
 {¶ 13} "A court of competent jurisdiction may approve a transfer of a lottery prize award only in a final order that is based on the express findings of the court, and the express findings shall include all of the following:
 {¶ 14} "(I) Except as provided in divisions (G) and (H) of this section, that the transferor's interest in each and all of the future payments from a particular lottery prize award is to be paid to a single transferee, or, if the payments from the lottery prize award are to be directed from the state lottery commission to multiple transferees, the commission has promulgated rules under section 3770.03 of the Revised Code permitting transfers to multiple transferees, and the transfer is consistent with those rules." (emphasis added).
 {¶ 15} In order to carry out said charge contained in R.C. §3770.12, the Ohio Lottery Commission promulgated Ohio Administrative Code Rule 3770:1-8-01, which provides in relevant part:
 {¶ 16} "(B) Claimant eligible to receive payment
 {¶ 17} "(7) Assignments and/or transfers of lottery prize awards are governed by sections 3770.07, and 3770.10 to 3770.14
of the Revised Code. Pursuant to sections 3770.11 to 3770.14 of the Revised Code regarding the voluntary transfer of lottery prize awards via the sale, assignment, or redirection of payment of all or part of a lottery prize award for consideration, a court of competent jurisdiction may approve a transfer of a lottery prize award only in a final order that is based on the express findings of the court, and the express findings shall include all of the following:
 {¶ 18} "(a) If the transferor is a prize winner, the transferee has provided to the prize winner a disclosure statement that complies with section 3770.11 of the Revised Code, and the prize winner has confirmed the prize winner's receipt of the disclosure statement, as evidenced by the prize winner's notarized signature on a copy of the disclosure statement.
 {¶ 19} "(b) If the transferor is a prize winner, the prize winner has established that the transfer is fair and reasonable and in the best interests of the prize winner.
 {¶ 20} "(c) If the transferor is a prize winner, the prize winner has received independent professional advice regarding the legal and other implications of the transfer.
 {¶ 21} "(d) The transferee has given written notice of the transferee's name, address, and taxpayer identification number to the commission and has filed a copy of that notice with the court in which the application for approval of the transfer was filed.
 {¶ 22} "(e) The transferee is a trust, limited partnership, general partnership, corporation, professional association, limited liability company, or other entity that is qualified to do business in this state and meets the registration requirements for that type of entity under Title XVII of the Revised Code.
 {¶ 23} "(f) The transfer complies with all applicable requirements of the Revised Code and does not contravene any applicable law.
 {¶ 24} "(g) The transfer does not include or cover the amounts or any part(s) of a lottery prize award that are required to be withheld or deducted pursuant to section 3119.80, 3119.81,3121.02, 3121.03, 3123.06, 3770.071, or 3770.072 of the Revised Code.
 {¶ 25} "(h) Any amounts described in paragraph (B)(7)(g) of this rule that are required to be withheld or deducted, as of the date of the court order, will be offset by the commission first against remaining payments due the transferor and then against payments due the transferee.
 {¶ 26} "(i) Except as provided in paragraphs (B)(7)(g) and(B)(7)(h) of this rule, that the transferor's entire interest ineach and all of the future payments from a particular lotteryprize award is to be paid to a single transferee, meaning that aprize winner choosing to transfer any payments remaining in theirdeferred prize award must transfer their entire interest in thelottery prize award, and that the prize winner's entire interestin any single prize award may not be transferred to more than onetransferee." (emphasis added).
 {¶ 27} Appellant argues that partial assignments are authorized under R.C. § 3770.12(I) because it only reads "transferor's interest", not "transferor's entire interest". Appellant further argues as support for his position, that R.C. §3770.10, which contains the definitions used in sections 3770.07
and 3770.10 to 3770.14 of the Revised Code, defines transferee as follows:
 {¶ 28} "(G) "Transferee" means a party acquiring or proposing to acquire all or any part of a lottery prize award through a transfer." (emphasis added).
 {¶ 29} Appellant therefore argues that O.A.C. 3770:1-8-(01(B)(7)(I) is in conflict with R.C. § 3770.10(G).
 {¶ 30} The Lottery Commission argues that R.C. § 3770.10(G) contemplates the division of an entire lottery prize award, as in when a group of people buy a single ticket, each of the pool's member's fractional share would be "part of the lottery prize award."
 {¶ 31} An Ohio Administrative Code section is a further arm, extension, or explanation of statutory intent implementing a statute passed by the General Assembly. It has the force and effect of a statute itself. Meyers v. State Lottery Commission
(1986) 34 Ohio App. 3d 232.
 {¶ 32} We have reviewed R.C. 3770.12(I) and O.A.C. 3770:1-8-01(B)(7)(i) and do not find that administrative rule is in conflict with the enabling statute. Having so found, we must give it the force and effect of law.
 {¶ 33} Appellant's first Assignment of Error is overruled.
 {¶ 34} The decision of the Knox County Court of Common Pleas is affirmed.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas, Probate Division, Knox County, Ohio, is affirmed. Costs assessed to appellant.